**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **State Attorneys General Antitrust Litigation re Generic Pharmaceuticals** | **HON. Michael Shea** |
| **THIS DOCUMENT RELATES TO:** | |
| ***Connecticut, et al. v. Aurobindo Pharma USA, Inc., et al.*** | **3:16-cv-02056-MPS** |
| ***Connecticut, et al. v. Teva Pharmaceuticals USA, Inc.*** | **3:19-cv-00710-MPS** |
| ***Connecticut, et al. v. Sandoz, Inc., et al.*** | **3:20-cv-00802-MPS** |

**Motion and Memorandum in Support to End Limited Stay of Discovery**

As previewed in the joint status report, *e.g.*, ECF 156 at 20, 20-cv-00802,[1] the States move this Court to lift the limited remaining stay concerning the U.S. DOJ's criminal investigation in MDL ECF 2215, PTO 214 ("PTO 214"). The defendants do not object to the relief sought in this motion, and the parties reserve all rights under the Federal Rules of Civil Procedure and the Federal Rules of Evidence as to the discoverability and admissibility of any information sought should the Court lift the stay. The limited stay has already been lifted in the MDL. ECF 3002, PTO 274, MDL 2724, 16-md-2724 (E.D. Pa. June 14, 2024) (attached as Exhibit A).

The limited remaining stay on discovery is in paragraphs 3.b.i-ii of PTO 214:

i. Parties may not seek, and no person shall respond to, discovery as to what information (including documents), was previously subpoenaed by or provided to the Department of Justice in the course of its criminal investigation into the generic pharmaceuticals industry. Nothing in this paragraph requires any modification of any document control number or other endorsement on a document, nor prohibits or excuses a responding person from providing documents or other information that previously had been provided to the Department of Justice.

---

[1] This motion will be, and the status report was filed in the other litigations coordinated in front of the Court and listed in the caption.

ii. The parties shall serve any written discovery requests simultaneously on the parties and the United States Department of Justice. If the United States objects to any proposed written discovery request, the United States will notify the party of the basis for the objection, and if necessary, bring that objection to Special Discovery Master Bruce Merenstein for expedited resolution pursuant to the Revised Special Masters' Protocol (PTO 163).  The so ordered MDL stipulation eliminated the last constraint on discovery concerning the criminal investigation of the Antitrust Division of the United States Department of Justice into the generic drug that intersected with the States' claims in this action and the claims of other plaintiffs in the MDL.

This limited stay was eliminated in the MDL pursuant to a so ordered stipulation of the parties, attached as Exhibit A.  As specified in that stipulation, the limited stay has a long history in the MDL with provisions that were usually agreed upon, but also repeatedly contested.  With the sentencing of the last criminal defendant, the United States consented to the elimination of these last provisions of the limited stay.

The States request that the Court eliminate that limited stay in this litigation as well.


Dated:  June 26, 2024

Respectfully submitted,

WILLIAM TONG
ATTORNEY GENERAL
STATE OF CONNECTICUT

*/s/ W. Joseph Nielsen*
W. Joseph Nielsen
Assistant Attorney General
Connecticut Office of the Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5030
Fax: (860) 808-5391
Joseph.Nielsen@ct.gov

*Attorney for the State of Connecticut*

LETITIA JAMES
ATTORNEY GENERAL
STATE OF NEW YORK

*/s/ Robert L. Hubbard*
Robert L. Hubbard
Assistant Attorney General
Office of the Attorney General
Antitrust Bureau
28 Liberty Street
New York, NY 10005
(212) 416-8267
Robert.Hubbard@ag.ny.gov

*Attorney for the State of New York*

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**PRETRIAL ORDER NO. 276
(MODIFYING PRETRIAL ORDER NO. 214
AND TERMINATING LIMITED STAY OF DISCOVERY)**

**AND NOW**, this 14th day of June 2024, upon consideration of the attached Joint Stipulation to Modify Pretrial Order No. 214 and Terminate Limited Stay of Discovery, including the representation that the Department of Justice does not object to the relief sought, it is hereby **ORDERED** that the Stipulation is **APPROVED** as follows: the limited stay provisions of Paragraphs 3.b.i-ii of Pretrial Order No. 214 are hereby **TERMINATED**.

It is so **ORDERED**.

**BY THE COURT**:

**/s/ Cynthia M. Rufe**

_____
**CYNTHIA M. RUFE, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*ALL ACTIONS* | HON. CYNTHIA M. RUFE |

**JOINT STIPULATION TO MODIFY PRETRIAL ORDER NO. 214**
**AND TERMINATE LIMITED STAY OF DISCOVERY**

WHEREAS, through a series of Orders entered on February 9, 2018 through April 11, 2022, including stipulated Orders agreed to by the parties and limited intervenor United States Department of Justice ("DOJ"), the Court established a limited stay of discovery into the related criminal investigation by the Antitrust Division of the DOJ into the generic pharmaceutical industry (*see, e.g.*, Pretrial Order Nos. 44, 47, 60, 73, 96, 117, 126, 136, 147, 156, 166, 173, 174, 181, and 200);

WHEREAS, on July 17, 2022, the limited stay of discovery then governed by paragraphs 3 through 9 of Pretrial Order No. 200 (MDL Doc. No. 1820) expired;

WHEREAS, on July 19, 2022, the Court entered a briefing schedule concerning whether certain aspects of the limited stay should continue beyond July 17, 2022 (*see* Order of July 19, 2022, MDL Doc No. 2175);

WHEREAS, on September 9, 2022, upon consideration of briefing by the parties and DOJ, the Court issued Pretrial Order No. 214 (MDL Doc. No. 2215) granting in part and denying in part Intervenor United States of America's Motion to Stay Discovery (MDL Doc No. 2187);

WHEREAS, paragraphs 3.b.i-ii of Pretrial Order No. 214 grant a limited stay as follows:

i. Parties may not seek, and no person shall respond to, discovery as to what information (including documents), was previously subpoenaed by or provided to the Department of Justice in the course of its criminal investigation into the generic pharmaceuticals industry. Nothing in this paragraph requires any modification of any document control number or other endorsement on a document, nor prohibits or excuses a responding person from providing documents or other information that previously had been provided to the Department of Justice.

ii. The parties shall serve any written discovery requests simultaneously on the parties and the United States Department of Justice. If the United States objects to any proposed written discovery request, the United States will notify the party of the basis for the objection, and if necessary, bring that objection to Special Discovery Master Bruce Merenstein for expedited resolution pursuant to the Revised Special Masters' Protocol (PTO 163).

WHEREAS, on December 19, 2023, after issuing an Order to show cause (MDL Doc. 2739), and upon consideration of DOJ's response (MDL Doc. 2748), the Court terminated the United States' limited intervenor status (MDL Doc. 2754);

WHEREAS, the parties have conferred with counsel for DOJ and it does not object to termination of the limited stay provisions of Pretrial Order No. 214;

THEREFORE, it is hereby STIPULATED AND AGREED by the undersigned counsel, pursuant to Local Rule 7.4, that:

1.      The limited stay provisions of Paragraph 3.b.i-ii of Pretrial Order No. 214 should be stricken.

2.      The parties reserve all rights under the Federal Rules of Civil Procedure and the Federal Rules of Evidence as to the discoverability and admissibility of any such information sought.

IT IS SO STIPULATED.

Dated:  June 14, 2024                              Respectfully submitted,

/s/ Roberta D. Liebenberg                          /s/ Chul Pak
Roberta D. Liebenberg                              Chul Pak
FINE, KAPLAN AND BLACK, R.P.C.                     WILSON SONSINI GOODRICH & ROSATI
One South Broad Street, 23rd Floor                 PC
Philadelphia, PA 19107                             1301 Avenue of the Americas, 40th Fl. New
215-567-6565                                       York, NY 10019
rliebenberg@finekaplan.com                         Tel: (212) 999-5800
                                                   Fax: (212) 999-5899
*Lead and Liaison Counsel for the*                 cpak@wsgr.com
*End-Payer Plaintiffs*


/s/ Christopher Hudson                             /s/ Sheron Korpus
Christopher Hudson                                 Sheron Korpus
CUNEO, GILBERT & LADUCA LLP                        KASOWITZ BENSON TORRES LLP
4725 Wisconsin Ave. NW, Suite 200                  1633 Broadway
Washington, DC 20016                               New York, New York 10019
202-789-3960                                       Tel: (212) 506-1700
chudson@cuneolaw.com                               Fax: (212) 506-1800
                                                   skorpus@kasowitz.com
*Lead Counsel for the*
*Indirect Reseller Plaintiffs*


/s/ William J. Blechman                            /s/ Devora W. Allon
William J. Blechman, Esquire                       Devora W. Allon KIRKLAND
KENNY NACHWALTER, P.A.                             & ELLIS LLP
1441 Brickell Avenue, Suite 1100                   601 Lexington Avenue
Miami, Florida 33131                               New York, NY 10022 Tel:
(305) 373-1000                                     (212) 446-5967
wblechman@knpa.com                                 Fax: (212) 446-6460
                                                   devora.allon@kirkland.com
*Liaison Counsel for Direct Action Plaintiffs*
*and Counsel for the Kroger Direct Action*
*Plaintiffs*


/s/ Dianne M. Nast                                 /s/ Alison Tanchyk
Dianne M. Nast                                     Alison Tanchyk
NASTLAW LLC                                        MORGAN, LEWIS & BOCKIUS, LLP
1101 Market Street, Suite 2801                     600 Brickell Avenue, Suite 1600
Philadelphia, PA 19107                             Miami, FL 33131-3075
215-923-9300                                       Tel: (305) 415-3444
dnast@nastlaw.com                                  Fax: (305) 415-3001

alison.tanchyk@morganlewis.com

*Lead and Liaison Counsel for the*
*Direct Purchaser Plaintiffs*

*Defense Liaison Counsel*