**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*STATE ATTORNEYS GENERAL LITIGATION* | HON. CYNTHIA M. RUFE<br><br>Civil Action No.<br><br>17-3768 |

**DEFENDANTS' JOINT MOTION TO DISMISS**
**PLAINTIFFS' STATE-LAW CLAIMS**

Pursuant to Fed. R. Civ. P. 12(b)(6), the Defendants identified herein hereby move to dismiss the following with prejudice:

1.      Claims on behalf of state governmental entities brought by Colorado and New York;

2.      *Parens patriae* claims for damages brought by Alaska, Connecticut, Indiana, Maine, Missouri, New Jersey, New Mexico, New York, North Carolina, North Dakota, Pennsylvania, Rhode Island, Tennessee, Wisconsin, and Wyoming;

3.      Damages claims on behalf of governmental entities brought by the District of Columbia, Florida, Illinois, Indiana, Kansas, Maine, Massachusetts, Minnesota, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Oregon, Puerto Rico, Tennessee, and West Virginia;

4.      Damages claims on behalf of indirect purchasers brought by Arkansas, Colorado, Connecticut, Delaware, Florida, Indiana, Louisiana, Missouri, New Jersey, Ohio, Oklahoma, Puerto Rico, Rhode Island, and Virginia;

5.      Damages claims brought by Kentucky and South Carolina; and

6.      Consumer-protection claims brought by Indiana, Maine, Michigan, and Wyoming.

In support of this Motion, Defendants rely upon Defendants' Memorandum of Law in Support of Their Joint Motion to Dismiss Plaintiffs' State-Law Claims, which is being filed contemporaneously with this Motion.

For all the reasons set forth therein, the States' above-mentioned claims under various state laws should be dismissed with prejudice.

Dated: May 31, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin F. Holt* | */s/ Sheron Korpus* |
| Adam K. Levin | Sheron Korpus |
| Benjamin F. Holt | Seth A. Moskowitz |
| Justin W. Bernick | KASOWITZ BENSON TORRES LLP |
| HOGAN LOVELLS US LLP | 1633 Broadway |
| 555 Thirteenth Street, NW | New York, NY 10019 |
| Washington, D.C. 20004 | Tel: (212) 506-1700 |
| Tel: (202) 637-5600 | Fax: (212) 506-1800 |
| Fax: (202) 637-5910 | skorpus@kasowitz.com |
| adam.levin@hoganlovells.com | smoskowitz@kasowitz.com |
| benjamin.holt@hoganlovells.com | |
| justin.bernick@hoganlovells.com | |
| | *Counsel for Actavis Pharma, Inc.,* |
| | *Actavis Holdco U.S., Inc.* |
| *Counsel for Defendant Mylan* | |
| *Pharmaceuticals, Inc.* | |

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
John F. Nagle
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA  02199
Tel: (617) 342-4000
Fax: (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Tel: (414) 271-2400
Fax: (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA  19103
Tel: (215) 569-5644
Fax: (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

/s/ W. Gordon Dobie
W. Gordon Dobie
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
WDobie@winston.com

/s/ Irving Wiesen
Irving Wiesen
LAW OFFICES OF IRVING L. WIESEN,
  P.C.
420 Lexington Avenue - Suite 2400
New York, NY 10170
Tel: (212) 381-8774
Fax: (646) 536-3185
iwiesen@wiesenlaw.com

*Counsel for Defendant Ascend Laboratories,*
  *LLC*

/s/ Wayne A. Mack
Wayne A. Mack
Sean P. McConnell
Sarah O'Laughlin Kulik
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

Counsel for Defendant
  Aurobindo Pharma USA, Inc.

/s/ Jason R. Parish
Jason R. Parish
Bradley J. Kitlowski
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW
Washington, D.C. 20006
Tel:  (202) 452-7900
Fax:  (202) 452-7989

Counsel for Defendant Zydus Pharmaceuticals
  (USA), Inc.

/s/ Steven E. Bizar
Steven E. Bizar
John P. McClam
Tiffany E. Engsell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel:  (215) 994-4000
steven.bizar@dechert.com
john.mcclaim@dechert.com
tiffany.engsell@dechert.com

Counsel for Defendant Citron Pharma LLC

/s/ Roger Kaplan
Roger Kaplan
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel:  (973) 360-7900
Fax: (973) 295-1257
kaplanr@gtlaw.com
vannostranda@gtlaw.com

Counsel for Defendant
  Dr. Reddy's Laboratories, Inc.

/s/ J. Gordon Cooney, Jr.
J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

/s/ Jan P. Levine
Jan P. Levine
Robin P. Sumner
Michael J. Hartman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel:  (215) 981-4000
Fax:  (215) 981-4750
levinej@pepperlaw.com
sumnerr@pepperlaw.com
hartmanm@pepperlaw.com

*Counsel for Defendant*
   *Teva Pharmaceuticals USA, Inc.*

/s/ Saul P. Morgenstern
Saul P. Morgenstern
Margaret A. Rogers
Alice C.C. Huling
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@apks.com
margaret.rogers@apks.com
alice.huling@apks.com

Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@apks.com

Abby L. Sacunas (200081)
Peter M. Ryan (81816)
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA  19103
Tel: (215) 665-4785
Fax: (215) 701 2472 (fax)
asacunas@cozen.com
pryan@cozen.com

*Counsel for Defendant Sandoz Inc.*

/s/  Steven A. Reed

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Tel: (215) 963-5603
Fax:  (215) 963-5001
steven.reed@morganlewis.com

*Counsel for Defendant*
   *Glenmark Pharmaceuticals Inc., USA*

/s/  Edward B. Schwartz

Edward B. Schwartz, Esq.
Jennifer M. Driscoll, Esq.
Andrew C. Bernasconi, Esq.
REED SMITH LLP
1301 K Street NW
Suite 1000-East Tower
Washington, DC 20005
Tel: (202) 414-9232
Fax: (202) 414-9299
eschwartz@reedsmith.com
jdriscoll@reedsmith.com
abernasconi@reedsmith.com

William J. Sheridan, Esq.
Courtney B. Averbach, Esq.
REED SMITH LLP
Reed Smith Centre
225 Fifth Ave.
Pittsburgh, PA 15222
Tel: (412) 288-3131
Fax: (412) 288-3063
wsheridan@reedsmith.com
caverbach@reedsmith.com

*Counsel for Defendant Heritage*
*Pharmaceuticals Inc.*

<u>/s/ John E. Schmidtlein</u>
John E. Schmidtlein
Sarah F. Teich
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jschmidtlein@wc.com
steich@wc.com

*Counsel for Defendant*
  *Par Pharmaceutical Companies, Inc.*

<u>/s/ Gerald E. Arth</u>
Gerald E. Arth
Ryan T. Becker
Evan R. Luce
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com
eluce@foxrothschild.com

George G. Gordon
Stephen D. Brown
Julia Chapman
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2000
Fax: (215) 994-2222
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com

*Counsel for Defendant*
  *Lannett Company, Inc.*

/s/ John M. Taladay                /s/ Robert J. Cleary

| | |
|---|---|
| John M. Taladay | Robert J. Cleary |
| Erik T. Koons | Dietrich L. Snell |
| Stacy L. Turner | David A. Munkittrick |
| Christopher P. Wilson | Edward Canter |
| BAKER BOTTS LLP | PROSKAUER ROSE LLP |
| 1299 Pennsylvania Avenue NW | 11 Times Square |
| Washington, DC 20004-2400 | New York, NY 10036 |
| Tel: (202) 639-7700 | Tel: (212) 969-3000 |
| Fax: (202) 639-7890 | rjcleary@proskauer.com |
| john.taladay@bakerbotts.com | dsnell@proskauer.com |
| erik.koons@bakerbotts.com | dmunkittrick@proskauer.com |
| stacy.turner@bakerbotts.com | ecanter@proskauer.com |
| christopher.wilson@bakerbotts.com | |
| | *Counsel for Defendant Rajiv Malik* |

Lauri A. Kavulich
Ann E. Lemmo
CLARK HILL PLC
2005 Market St, Suite 1000
Philadelphia, PA 19103
Tel: (215) 640-8500
Fax: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
CLARK HILL PLC
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Tel: (412) 394-7711
Fax: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendant Sun Pharmaceutical*
 *Industries, Inc.*

_/s/ Michael Martinez_
Michael E. Martinez
Steven M. Kowal
Lauren N. Donahue
Brian J. Smith
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-8000
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

_Counsel for Defendant Mayne Pharma Inc._

_/s/ Michael Lacovara_
Michael Lacovara
LATHAM &WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
michael.lacovara@lw.com

_/s/ Marguerite M. Sullivan_
Marguerite M. Sullivan
LATHAM &WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C., 20004
Tel: (202) 637-2200
marguerite.sullivan@lw.com

_/s/ Allyson M. Maltas_
Allyson M. Maltas
LATHAM &WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C., 20004
Tel: (212) 906-1200
allyson.maltas@lw.com

_/s/ Elizabeth A. Parvi_
Elizabeth A. Parvis
LATHAM &WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
elizabeth.parvis@lw.com

_Counsel for Defendants_
_Emcure Pharmaceuticals Ltd._
_and Satish Mehta_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this 31st day of May 2019, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of the ECF System.

<u>*/s/  Benjamin F. Holt*   </u>
Benjamin F. Holt

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*STATE ATTORNEYS GENERAL LITIGATION* | HON. CYNTHIA M. RUFE<br><br>Civil Action No.<br><br>17-3768 |

**DEFENDANTS' MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR JOINT MOTION TO**
**DISMISS PLAINTIFFS' STATE-LAW CLAIMS**

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

ARGUMENT .......................................................................................................3

    I.      CERTAIN STATES LACK STANDING TO SUE UNDER VARIOUS STATE
          LAWS. ...............................................................................................3

          A.     Certain States Do Not Have Standing To Sue On Behalf Of Governmental
                Entities. ................................................................................ 3

          B.     Certain States Do Not Have Authority To Seek Damages On Behalf Of
                Injured Citizens. .................................................................... 3

    II.     CERTAIN STATES' CLAIMS FOR DAMAGES AND OTHER RELIEF ALSO
          FAIL. ................................................................................................7

          A.     Certain States Have Failed To Identify A Single Governmental Entity On
                Whose Behalf They Bring Claims. ........................................... 7

          B.     Certain States Do Not Have Standing To Bring Indirect-Purchaser
                Monetary Claims. ................................................................... 8

          C.     Certain States Are Not Entitled To Damages. ........................... 9

    III.    CERTAIN STATE CONSUMER-PROTECTION CLAIMS FAIL. ...................10

CONCLUSION....................................................................................................12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska v. Chevron Chem. Co.*,
    669 F.2d 1299 (9th Cir. 1982) ..................................................................................2, 3

*Berghausen v. Microsoft Corp.*,
    765 N.E.2d 592 (Ind. Ct. App. 2002).......................................................................9, 10

*California v. Frito-Lay, Inc.*,
    474 F.2d 774 (9th Cir. 1973) ............................................................................2, 4, 5, 6

*California v. Infineon Techs. AG*,
    531 F. Supp. 2d 1124 (N.D. Cal. 2007) ..................................................................5, 6, 7

*In re Chocolate Confectionary Antitrust Litig.*,
    602 F. Supp. 2d 538 (M.D. Pa. 2009) ...........................................................................11

*D'Eramo v. Smith*,
    872 A.2d 408 (Conn. 2005) .............................................................................................8

*In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*,
    No. M 02-1486 PJH, 2007 WL 2517851 (N.D. Cal. Aug. 31, 2007) ...................................3, 6

*In re: EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust*
    *Litig.*,
    336 F. Supp. 3d 1256 (D. Kan. 2018) ..............................................................................8

*Free v. Abbott Labs., Inc.*,
    176 F.3d 298 (5th Cir. 1999) ..........................................................................................9

*In re Generic Pharm. Pricing Antitrust Litig.*,
    No. 16-md-2724, Dkt. 857 ..........................................................................................1, 9

*Georgia v. Pa. R.R. Co.*,
    324 U.S. 439 (1945)........................................................................................................4

*Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*,
    995 F.2d 425 (3d Cir. 1993)............................................................................................8

*Hawaii v. Standard Oil Co. of Cal.*,
    405 U.S. 251 (1972)........................................................................................................4

*Intervest Fin. Servs., Inc. v. S.G. Cowen Sec. Corp.*,
    206 F. Supp. 2d 702 (E.D. Pa. 2002) ..............................................................................6

ii

*Johnson v. Microsoft Corp.*,
    834 N.E.2d 791 (Ohio 2005)..................................................................................9

*In re Lithium Ion Batteries Antitrust Litig.*,
    No. 13-MD-2420 YGR, 2014 WL 4955377 (N.D. Cal. Oct. 2, 2014) .......................................9

*Mack v. Bristol-Myers Squibb Co.*,
    673 So. 2d 100 (Fla. Dist. Ct. App. 1996) ................................................................8

*Major v. Microsoft Corp.*,
    60 P.3d 511 (Okla. Civ. App. 2002) .......................................................................9

*West Virginia ex rel. McGraw v. Comcast Corp.*,
    705 F. Supp. 2d 441 (E.D. Pa. 2010) ......................................................................3

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
    350 F. Supp. 2d 160 (D. Me 2004) .......................................................................11

*New York ex rel. Abrams v. Seneci*,
    817 F.2d 1015 (2d Cir. 1987)..............................................................................4

*New York v. Cedar Park Concrete Corp.*,
    665 F. Supp. 238 (S.D.N.Y. 1987) ......................................................................2, 3

*In re Opana ER Antitrust Litig.*,
    162 F. Supp. 3d 704 (N.D. Ill. 2016) ......................................................................9

*In re Packaged Seafood Prod. Antitrust Litig.*,
    242 F. Supp. 3d 1033 (S.D. Cal. 2017)..................................................................8, 11

*Pomerantz v. Microsoft Corp.*,
    50 P.3d 929 (Colo. App. 2002) ............................................................................8

*In re Pool Prod. Distribution Mkt. Antitrust Litig.*,
    946 F. Supp. 2d 554 (E.D. La. 2013) ......................................................................9

*Schoenbaum v. E.I DuPont De Nemours & Co.*,
    517 F. Supp. 2d 1125 (E.D. Mo. 2007).....................................................................9

*Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*,
    737 F. Supp. 2d 380 (E.D. Pa. 2010) ....................................................................11

*Sickles v. Cabot Corp.*,
    877 A.2d 267 (N.J. Super Ct. App. Div. 2005)............................................................9

*State ex rel. Leech v. Levi Strauss & Co.*,
    No. 79-722-III, 1980 WL 4696 (Tenn. Ch. Sept. 25, 1980) ..............................................7

*State v. Marsh & McLennan Cos., Inc.*,
   944 A.2d 315 (Conn. 2008) ...................................................................................5

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,
   580 F. Supp. 2d 896 (N.D. Cal. 2008) ...............................................................12

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   586 F. Supp. 2d 1109 (N.D. Cal. 2008) .............................................................11

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   599 F. Supp. 2d 1179 (N.D. Cal. 2009) ...............................................................9

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   787 F. Supp. 2d 1036 (N.D. Cal. 2011) ...............................................................8

*Tungate v. MacLean–Stevens Studios, Inc.*,
   714 A.2d 792 (Me. 1998) ....................................................................................10

*Vacco v. Microsoft Corp.*,
   793 A.2d 1048 (Conn. 2002) ................................................................................8

**Statutes**

15 U.S.C. § 15c .....................................................................................................5

Alaska Stat. § 45.50.501(a) ..................................................................................5

Colo. Rev. Stat. § 6-4-111(2) ...............................................................................3

Conn. Gen. Stat. § 35-32(c)(2) .............................................................................5

Conn. Gen. Stat. § 35-46a .....................................................................................8

Conn. Gen. Stat. § 55-3 .........................................................................................8

Del. Code Ann. tit. 6, § 2113 ................................................................................8

Ind. Code §§ 24-1-1-5.1 ........................................................................................9

Ind. Code § 24-1-1-5.2(a) .....................................................................................5

Ind. Code § 24-1-2-7(b) ........................................................................................9

Ind. Code § 24-5-0.5-3(a) ...................................................................................10

Ky. Rev. Stat. Ann. § 367.190 .............................................................................9

Me. Rev. Stat. tit. 5, § 207 ..................................................................................10

iv

Me. Rev. Stat. tit. 10, § 1104(2) .............................................................................6

Mich. Comp. Laws § 445.903(1) ............................................................................11

Mo. Ann. Stat. § 407.100(1) ...................................................................................6

N.C. Gen. Stat. § 75-15 ...........................................................................................6

N.D. Cent. Code § 51-08.1-08(1) ............................................................................6

N.J. Stat. Ann. § 56:9-12(b) ....................................................................................6

N.M. Stat. Ann. § 57-1-8 .........................................................................................6

N.M. Stat. Ann. § 57-12-8 .......................................................................................6

N.Y. Gen. Bus. Law § 342 .......................................................................................6

N.Y. Gen. Bus. Law § 342-a ....................................................................................6

N.Y. Gen. Bus. Law § 342-b .................................................................................3, 6

R.I. Gen. Laws § 6-13.1-8 ........................................................................................7

S.C. Code Ann. § 39-5-50 ......................................................................................10

Wis. Stat. § 133.18(1)(a) ..........................................................................................7

Wyo. Stat. § 40-12-106 ............................................................................................7

Wyo. Stat. § 40-4-111 .............................................................................................12

Wyo. Stat. § 40-12-105(a)(xv) ...............................................................................11

**Other Authorities**

H.R. Rep. No. 94-499(I) (1975), *reprinted in* 1976 U.S.C.C.A.N. 2572 .......................................5

## INTRODUCTION

The Consolidated Amended Complaint (Dkt. 14, the "State CAC"), asserts a single count of supplemental state-law claims under the laws of 47 states, the District of Columbia, and Puerto Rico (the "States"). This Court has already ruled on the viability of many state-law antitrust and consumer-protection claims in its recent Memorandum and Opinion granting in part motions to dismiss state-law claims brought by EPPs and IRPs in connection with the Group 1 drugs. *In re Generic Pharm. Pricing Antitrust Litig.*, No. 16-md-2724, Dkt. 857. Defendants do not seek to re-litigate those rulings here. Rather, Defendants bring this narrow motion to dismiss certain claims brought under unique state-law theories that this Court has yet to address.

As Defendants explained in their motion to dismiss the States' federal-law claims for lack of standing, Dkt. 74-1, the States appear to pursue relief in various capacities, including as enforcement authorities, purchasers of generic drugs, and *parens patriae*. In those various capacities, the States appear to seek different forms of relief under federal and/or state law. Relevant here, the States purport to seek under various state laws civil penalties, damages for purchases made by state entities, damages on behalf of the consumers in the various States, disgorgement, and other monetary relief. Each State asserts supplemental state-law claims under its antitrust laws, consumer-protection laws, or both.[1]

---

[1]    Sixteen States appear to bring their state claims under only their state *antitrust* statutes: Colorado, Delaware, the District of Columbia, Idaho, Illinois, Kansas, Maryland, Ohio, Oklahoma, Oregon, Puerto Rico, Tennessee, Utah, Virginia, West Virginia, and Wisconsin. Seven States appear to bring claims under only their state *consumer-protection* statutes: Alabama, Kentucky, Massachusetts, North Carolina, South Carolina, Vermont, and Wyoming. Twenty-six States appear to bring claims under *both* their state antitrust and consumer-protection statutes: Alaska, Arizona, Arkansas, California, Connecticut, Florida, Hawaii, Indiana, Iowa, Louisiana, Maine, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Dakota, Pennsylvania, Rhode Island, and Washington.

Defendants bring this motion to dismiss certain States' claims both for lack of standing and for failure to plead those claims.

*First*, with respect to standing, some States do not have authority to seek relief in the capacity they assert here. Some state laws, for example, do not permit the State Attorney General to sue on behalf of state governmental entities. To the extent these States seek such relief, they lack standing to do so. *See Alaska v. Chevron Chem. Co.*, 669 F.2d 1299, 1302 (9th Cir. 1982); *New York v. Cedar Park Concrete Corp.*, 665 F. Supp. 238, 241 (S.D.N.Y. 1987). Additionally, a State must have authority to pursue damages claims on behalf of injured citizens, *see California v. Frito-Lay, Inc.*, 474 F.2d 774, 777 (9th Cir. 1973), but some state laws provide no such authorization.

*Second*, certain States' claims for damages and other relief also fail. Although many States seem to pursue damages on behalf of governmental entities, not a single State has identified one such entity that has suffered any harm. Moreover, because the States sue as indirect purchasers, monetary-relief claims brought under state laws that have not repealed *Illinois Brick* should be dismissed. *See* 431 U.S. 720 (1977). Additionally, several of the States' laws limit the available remedy to injunctive relief such that those States are not entitled to damages.

*Third*, certain state-law consumer-protection claims should be dismissed. The conduct alleged in the State CAC is insufficient to plausibly allege a violation of several of the States' consumer-protection laws.

For the reasons set out below, certain supplemental state-law claims should be dismissed with prejudice.

**ARGUMENT**

**I.    CERTAIN STATES LACK STANDING TO SUE UNDER VARIOUS STATE LAWS.**

**A.    Certain States Do Not Have Standing To Sue On Behalf Of Governmental Entities.**

To the extent Plaintiffs seek relief on behalf of governmental entities, they have standing to sue only to the extent state law permits it.  *Chevron Chem. Co.*, 669 F.2d at 1302; *Cedar Park Concrete Corp.*, 665 F. Supp. at 241.  The antitrust laws of Colorado[2] and New York[3] do not authorize the State's Attorney General to sue on behalf of governmental entities.  These claims should be dismissed.

**B.    Certain States Do Not Have Authority To Seek Damages On Behalf Of Injured Citizens.**

A number of States purport to seek damages on behalf of injured citizens under state law. "A state may acquire *parens patriae* standing (i.e., the right to bring an action) either through a grant of statutory authority or by meeting the requirements of the common law."  *West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 451 (E.D. Pa. 2010).  A state has a

---

[2]    Under Colorado law, the Attorney General may sue on behalf of "any governmental or public entity" only "with the written consent of such entity."  Colo. Rev. Stat. § 6-4-111(2). Colorado does not allege that it obtained such consent.  Any Colorado claim on behalf of governmental entities should be dismissed as a result.  *See In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2007 WL 2517851, at *5 (N.D. Cal. Aug. 31, 2007)  (dismissing antitrust claim on behalf of state governmental entities because "there is no allegation in the present complaint stating either that the government entities at issue have requested that the present action be instituted on their behalf, or that even identify the entities at issue").

[3]    Under New York law, the Attorney General "may also bring action on behalf of any political subdivision or public authority of the state *upon the request of* such political subdivision or public authority to recover damages."  N.Y. Gen. Bus. Law § 342-b (emphasis added). Plaintiffs do not allege that they received such a request.  Any New York claim on behalf of governmental entities should be dismissed as a result.  *See In re DRAM Antitrust Litig.*, 2007 WL 2517851, at *5.

common-law right to sue "to prevent or repair harm to its 'quasi-sovereign' interests." *Hawaii v. Standard Oil Co. of Cal.*, 405 U.S. 251, 258 (1972). A "quasi-sovereign" interest is "an interest apart from that of particular individuals who may be affected" by the actions that form the basis of the suit. *Georgia v. Pa. R.R. Co.*, 324 U.S. 439, 451 (1945).

Although a State may seek "recovery for an injury to a quasi-sovereign interest of the state itself," a State "cannot merely litigate as a volunteer the personal claims of its competent citizens." *New York ex rel. Abrams v. Seneci*, 817 F.2d 1015, 1017 (2d Cir. 1987). "Where the complaint only seeks to recover money damages for injuries suffered by individuals, the award of money damages will not compensate the state for any harm done to its quasi-sovereign interests. Thus, the state as *parens patriae* lacks standing to prosecute such a suit." *Id.* Indeed, under the common law, "[p]arens patriae has received no judicial recognition in this country as a basis for recovery of money damages for injuries suffered by individuals." *Frito-Lay, Inc.*, 474 F.2d at 775. "Judicial recognition of such authority would be a substantial departure from the scope of *parens patriae* authority as it has been recognized in this country to date." *Id.*

Instead, courts require explicit statutory authorization before allowing a State to pursue damages claims on behalf of injured citizens. *Id.* at 777 ("[I]f the state is to be empowered to act in the fashion here sought we feel that authority must come not through judicial improvisation but by legislation and rule making, where careful consideration can be given to the conditions and procedures that will suffice to meet the many problems posed by one's assertion of power to deal with another's property and to commit him to actions taken in his behalf."). Due process concerns animate this rule. *Id.* at 777 n.11 (common-law *parens patriae* standing for damages relief absent statutory authorization would "disregard all of Rule 23's safeguards" and leave defendants facing the potential for "two massive actions based on identical claims").

4

In response to "the judicial invitation extended in *Frito-Lay*," H.R. Rep. No. 94-499(I) at 8 (1975), *reprinted in* 1976 U.S.C.C.A.N. 2572, 2578, Congress gave the State Attorneys General authority under federal law to sue "as parens patriae on behalf of natural persons residing in [their respective States] . . . to secure monetary relief . . . by reason of any violation of sections 1 to 7 of this title," 15 U.S.C. § 15c.  But the States here seek damages as *parens patriae* only under various state laws.  And unless "there exists controlling legal authority specifically indicating that monetary damages—as opposed to other types of relief—may be sought through a parens patriae claim," *California v. Infineon Techs. AG*, 531 F. Supp. 2d 1124, 1164-65 (N.D. Cal. 2007), Plaintiffs' damages claims are beyond the scope of their common-law sovereign power, *Frito-Lay, Inc.*, 474 F.2d at 777.

None of the following States have the requisite right to seek damages as *parens patriae* under the state laws identified herein: Alaska,[4] Connecticut,[5] Indiana,[6] Maine,[7] Missouri,[8] New

---

[4]     Alaska Stat. § 45.50.501(a) ("[T]he attorney general may bring an action in the name of the state against the person *to restrain by injunction* the use of the act or practice." (emphasis added)).

[5]     Although a state statute authorizes Connecticut to bring damages claims as *parens patriae* "with respect to damages to the general economy," those damages cannot be "duplicative of" *parens patriae* claims on behalf of state citizens.  Conn. Gen. Stat. § 35-32(c)(2).  Yet despite this statute, Connecticut seeks both "damages as *parens patriae* on behalf of the State of Connecticut *and the People of the State of Connecticut*."  State CAC ¶ 608 (emphasis added).  The State fails to allege how "damage to Connecticut's general economy is separate and apart from the direct damage [consumers] sustained by payment of [the defendants' allegedly] inflated price[s]."  *State v. Marsh & McLennan Cos., Inc.*, 944 A.2d 315, 328 (Conn. 2008) (quotation marks omitted) (reversing dismissal of complaint whose allegations, unlike those here, plausibly made this distinction).  Because the State CAC fails to adequately distinguish the injuries that allegedly justify Connecticut's claimed damages on behalf of its general economy and on behalf of its citizens, the *parens patriae* damages claims should be dismissed.

[6]     Ind. Code § 24-1-1-5.2(a) ("The attorney general may bring an action in a county *on behalf of the state or a political subdivision* . . . for injuries or damages sustained directly or indirectly as a result of a violation of this chapter." (emphasis added)); *id*. § 24-5-0.5-4(c) (Attorney General may "bring an action to *enjoin*" (emphasis added)).

Jersey,[9] New Mexico,[10] New York,[11] North Carolina,[12] North Dakota,[13] Pennsylvania,[14] Rhode

---

[7]     Me. Rev. Stat. tit. 10, § 1104(2) (Attorney General may only "institute proceedings in equity"); *id*. tit. 5, § 209 (Attorney General has power to "bring an action in the name of the State . . . to restrain *by temporary or permanent injunction*" (emphasis added)).

[8]     Mo. Ann. Stat. § 407.100(1) ("[T]he attorney general may seek and obtain . . . *an injunction* prohibiting such person from continuing such methods, acts, uses, practices, or solicitations, or any combination thereof, or engaging therein, or doing anything in furtherance thereof." (emphasis added)).

[9]     N.J. Stat. Ann. § 56:9-12(b) ("The Attorney General, *on behalf of the State or any of its political subdivisions or public agencies*, . . . may institute an action to recover . . . damages . . . ." (emphasis added)).

[10]     N.M. Stat. Ann. § 57-1-8 ("The attorney general may bring an action in the name of the state against any person *to enjoin, restrain and prevent* the doing in this state of any act declared unlawful [under the New Mexico antitrust laws]." (emphasis added)); N.M. Stat. Ann. § 57-12-8 (permitting the Attorney General to sue for injunctive relief under the New Mexico Unfair Practices Act); *accord Infineon Techs. AG*, 531 F. Supp. 2d at 1168 (dismissing *parens patriae* damages claim under New Mexico law "in the absence of any authority specifically indicating or implying that the New Mexico Attorney General's suit for damages may go forward in a parens patriae capacity on behalf of natural persons").

[11]     N.Y. Gen. Bus. Law § 342 (permitting Attorney General to sue "[o]n behalf of the people of the state . . . *to restrain and prevent*" an antitrust violation and permitting court to award plaintiffs "an additional allowance" of no more than $20,000 (emphasis added)); *id*. § 342-a (permitting Attorney General to recover civil penalties); *id*. § 342-b (permitting Attorney General to sue for damages "on behalf of the state and public authorities" as well as "on behalf of any political subdivision or public authority of the state"); *accord In re DRAM Antitrust Litig*., 2007 WL 2517851, at *8 ("Presumably, the legislature knew how to include language granting the Attorney General the right to sue 'in behalf of the people of the state' in the [Donnelly] Act's damages relief provision, as it did so with respect to the provisions allowing actions for injunctive relief and civil penalties.  Accordingly, the court concludes that the legislature's failure to include similar language in the provision authorizing damages suits was deliberate.").

[12]     N.C. Gen. Stat. § 75-15 (permitting the Attorney General to sue only "in the name of the State, or any officer or department thereof").

[13]     N.D. Cent. Code § 51-08.1-08(1) (permitting action by "[t]he state, a political subdivision, or any public agency"); *id*. § 51-15-07 ("the attorney general may seek and obtain in an action in a district court *an injunction*" (emphasis added)); *Infineon Techs. AG*, 531 F. Supp. 2d at 1169 (dismissing *parens patriae* damages claim under North Dakota law).

[14]     Pennsylvania does not have a general antitrust statute, *see Intervest Fin. Servs., Inc. v. S.G. Cowen Sec. Corp.*, 206 F. Supp. 2d 702, 711 n.13 (E.D. Pa. 2002), *aff'd sub nom. InterVest, Inc. v. Bloomberg, L.P.*, 340 F.3d 144 (3d Cir. 2003), so the relief it seeks should not include damages, which is beyond the common-law authority of a state, *Frito-Lay, Inc.*, 474 F.2d at 777.

Island,[15] Tennessee,[16] Wisconsin,[17] and Wyoming.[18]   Plaintiffs' *parens patriae* claims for damages under the laws of those states should therefore be dismissed.

## II.    CERTAIN STATES' CLAIMS FOR DAMAGES AND OTHER RELIEF ALSO FAIL.

### A.    Certain States Have Failed To Identify A Single Governmental Entity On Whose Behalf They Bring Claims.

Various States seek damages on behalf of governmental entities within that State.  Aside from certain States' standing issues, *see supra* Part I.A., other States may not recover damages on behalf of their governmental entities because they have failed to identify those entities.  The following States claim that they seek damages on behalf of governmental entities within their States, and yet none of these States identifies a single entity by name:  the District of Columbia, Florida, Illinois, Indiana, Kansas, Maine, Massachusetts, Minnesota, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Oregon, Puerto Rico, Tennessee, and West Virginia.  These States' claims to recover monetary damages on behalf of such governmental

---

[15]    6 R.I. Gen. Laws § 6-13.1-8 ("For the purposes of this section, the superior court of a county *issuing an injunction* shall retain jurisdiction, and the cause shall be continued, and in those cases the attorney general, acting in the name of the state, may petition for recovery of civil penalties." (emphasis added)).

[16]    *State ex rel. Leech v. Levi Strauss & Co.*, No. 79-722-III, 1980 WL 4696, at *5 (Tenn. Ch. Sept. 25, 1980) (authorizing *parens patriae* damages claim on behalf of individual citizens would be to endorse "a drastic departure from accepted practice" and must "result from acts of the Legislature where the underlying public policy issues can be resolved and where essential procedural safeguards can be established"); *Infineon Techs. AG*, 531 F. Supp. 2d at 1170-71 (dismissing *parens patriae* damages claim under Tennessee law).

[17]    Wis. Stat. § 133.18(1)(a) (only a "*person* injured" may sue (emphasis added)); *Infineon Techs. AG*, 531 F. Supp. 2d at 1170-71 (dismissing *parens patriae* damages claim under Wisconsin law).

[18]    Wyo. Stat. § 40-12-106 (the Attorney General "may bring an action in the name of this state against such person *to restrain by temporary restraining order or preliminary or permanent injunction* the use of such practice, upon the giving of appropriate notice to that person." (emphasis added)).

entities must fail.  The State CAC does not contain one single allegation that any governmental entity was harmed by Defendants' alleged misconduct.

### B.    Certain States Do Not Have Standing To Bring Indirect-Purchaser Monetary Claims.

The States do not allege that they themselves—or any of the governmental entities or citizens they claim to represent—directly bought any of the drugs at issue from any Defendant. Because the States only seek relief as indirect purchasers, their claims for monetary relief are therefore barred under the following States' laws identified herein: Arkansas,[19] Colorado,[20] Connecticut,[21] Delaware,[22] Florida,[23] Indiana,[24] Louisiana,[25] Missouri,[26] New Jersey,[27] Ohio,[28]

---

[19]    *In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1070 (S.D. Cal. 2017) (dismissing indirect-purchaser claims under Arkansas consumer-protection statute); *In re: EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 336 F. Supp. 3d 1256, 1312 (D. Kan. 2018) (same).

[20]    *Pomerantz v. Microsoft Corp.*, 50 P.3d 929, 933-34 (Colo. App. 2002).

[21]    *Vacco v. Microsoft Corp.*, 793 A.2d 1048 (Conn. 2002).  Connecticut enacted an *Illinois Brick* repealer statute that became effective on October 1, 2018.  Conn. Gen. Stat. § 35-46a; 2018 Conn. Legis. Serv. P.A. 18-22 (HB 5252).  Under Connecticut law, "it is a rule of construction that legislation is to be applied prospectively unless the legislature clearly expresses an intention to the contrary."  *D'Eramo v. Smith*, 872 A.2d 408, 415 (Conn. 2005) (alterations and quotation marks omitted); Conn. Gen. Stat. § 55-3 ("No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect.").  There is no clear expression of intent that the repealer statute apply retroactively.  As a result, no plaintiff should be able to recover alleged overcharges incurred prior to October 1, 2018 under Connecticut law.

[22]    Delaware has not statutorily abrogated the *Illinois Brick* rule, and its antitrust laws are generally interpreted to follow federal law.  Del. Code Ann. tit. 6, § 2113.

[23]    *Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100, 103 (Fla. Dist. Ct. App. 1996) (no indirect-purchaser standing under the Florida Antitrust Act).  Florida alleges that it has an assignment "for violations of federal and/or state antitrust laws that MMCAP and/or Cardinal may have" such that it can assert direct-purchaser claims under federal and state law.  State CAC ¶ 641.  But "any assignment of antitrust claims, as a matter of federal common law, must be an express assignment; general assignments, without specific reference to antitrust claims, cannot validly transfer the right to pursue those claims."  *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 425, 440 (3d Cir. 1993).  To the extent the State's claim relies on the vendor-assignment allegation, it has not been adequately pleaded and should be dismissed.  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 787 F. Supp. 2d 1036, 1040-41 (N.D. Cal. 2011).  And

Oklahoma,[29] Puerto Rico,[30] Rhode Island,[31] and Virginia.[32]  The monetary-relief claims under these state laws should be dismissed.[33]  *Illinois Brick Co.*, 431 U.S. at 733.

### C.    Certain States Are Not Entitled To Damages.

The States are limited to the remedy of injunctive relief under at least two consumer-protection statutes:  Kentucky and South Carolina.  Ky. Rev. Stat. Ann. § 367.190 (The Attorney General may seek "a restraining order or temporary or permanent injunction," which "shall be

---

[24]    *Berghausen v. Microsoft Corp.*, 765 N.E.2d 592, 599 (Ind. Ct. App. 2002) (plaintiff "lacked standing to bring the antitrust claim against Microsoft because he was an indirect purchaser"); *see also Schoenbaum v. E.I DuPont De Nemours & Co.*, 517 F. Supp. 2d 1125, 1150 n.23 (E.D. Mo. 2007), *vacated in part on other grounds*, No. 4:05CV01108 ERW, 2007 WL 3331291 (E.D. Mo. Nov. 6, 2007).  The Attorney General may sue on behalf of indirect-purchaser governmental entities, however.  Ind. Code §§ 24-1-1-5.1; 24-1-2-7(b).

[25]    *Free v. Abbott Labs., Inc.*, 176 F.3d 298, 301 (5th Cir. 1999) (interpreting Louisiana law).

[26]    "Missouri's antitrust laws follow *Illinois Brick* and prohibit recovery by indirect purchasers."  *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 4955377, at *19 (N.D. Cal. Oct. 2, 2014); *In re Pool Prod. Distribution Mkt. Antitrust Litig.*, 946 F. Supp. 2d 554, 570 (E.D. La. 2013) (same).

[27]    *Sickles v. Cabot Corp.*, 877 A.2d 267, 275 (N.J. Super Ct. App. Div. 2005).

[28]    *Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 798 (Ohio 2005).

[29]    *Major v. Microsoft Corp.*, 60 P.3d 511, 513 (Okla. Civ. App. 2002).

[30]    *E.g., In re Opana ER Antitrust Litig.*, 162 F. Supp. 3d 704, 723 (N.D. Ill. 2016) (dismissing indirect-purchaser claims under Puerto Rico law and collecting cases).

[31]    As this Court noted in its February 15, 2019 Order & Opinion, Rhode Island's *Illinois Brick* repealer statute, enacted on July 15, 2013, does not apply retroactively.  *In re Generic Pharm. Pricing Antitrust Litig.*, No. 16-md-2724, Dkt. 857, at 28-29.  Thus, the Court found that EPPs and IRPs could not seek redress under the Rhode Island antitrust law for claims concerning alleged overcharges incurred before that date.  *Id.*  The Court now must also find that the State of Rhode Island may not pursue claims for alleged overcharges incurred before July 15, 2013.

[32]    *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1186 (N.D. Cal. 2009) (interpreting Virginia law).

[33]    The monetary-relief claims include both damages and disgorgement under various state laws.  Plaintiffs' disgorgement claims should be dismissed in at least those States that follow the *Illinois Brick* rule, for the same reasons set out in Defendants' Motion to Dismiss for Lack of Standing.  Dkt. 74-1 at 5-7.

granted whenever it reasonably appears that any person will suffer immediate harm, loss or injury from a method, act or practice prohibited by [the Kentucky Consumer Protection Act]"); S.C. Code Ann. § 39-5-50 (The Attorney General "may bring an action in the name of the State against such person to restrain by temporary restraining order, temporary injunction or permanent injunction the use of such method, act or practice"). To the extent Kentucky and South Carolina bring claims for monetary relief, those claims should be dismissed.

## III.    CERTAIN STATE CONSUMER-PROTECTION CLAIMS FAIL.

The States' claims under the consumer-protection statutes of Indiana, Maine, Michigan, and Wyoming should be dismissed because those state statutes do not prohibit the antitrust conduct Plaintiffs allege. Plaintiffs' consumer-protection claims are premised on allegations of price fixing and market allocation. Such allegations, without more, are insufficient to state a claim under each of these States' consumer-protection statutes.

The Indiana Deceptive Consumer Sales Act ("IDCSA") prohibits "unfair, abusive, or deceptive" acts, omissions, or practices. Ind. Code § 24-5-0.5-3(a). The States' allegations do not match any of the prohibited practices discussed in the statute, *see id*., and Indiana courts have rejected IDCSA claims based on allegations similar to those here. *See Berghausen*, 765 N.E.2d at 598 (affirming dismissal of IDCSA claim based on allegation of monopolistic pricing).

The Maine Unfair Trade Practices Act ("MUTPA") also does not encompass the anticompetitive conduct the States allege. The MUTPA forbids "[u]nfair methods of competition" and "unfair or deceptive . . . conduct of any trade." Me. Rev. Stat. tit. 5, § 207. A business practice is considered "unfair" if the injury it produces is (1) "substantial," (2) not "outweighed by any countervailing benefits to consumers or competition that the practice produces," and (3) not reasonably avoidable by consumers. *Tungate v. MacLean–Stevens*

*Studios, Inc.*, 714 A.2d 792, 797 (Me. 1998) (quoting *Suminski v. Me. Appliance Warehouse,*

*Inc.*, 602 A.2d 1173, 1174 n. 1 (Me. 1992)).  In pricing cases, the allegedly unfair practice must

also induce the consumer to acquire something that she would not otherwise have purchased.  *Id.*

The MUTPA does not apply to price-fixing allegations because higher prices cannot induce

individuals to purchase something they would not otherwise have purchased.  *In re Chocolate*

*Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 584-85 (M.D. Pa. 2009) (citing *In re TFT-*

*LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1126 (N.D. Cal. 2008); *accord In re*

*Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1031 (N.D. Cal. 2007)); *In re*

*Packaged Seafood Prods. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1076 (S.D. Cal. 2017) (noting

that "the vast majority of our sister courts" have held that "a change in consumer conduct forms

the marrow of a MUTPA violation") (quoting In re *Chocolate Confectionary Antitrust Litig.*, 602

F. Supp. 2d at 585 n.59).

   The Michigan Consumer Protection Act ("MCPA") forbids "[u]nfair, unconscionable, or

deceptive methods, acts or practices" that are specifically itemized under the statute.  Mich.

Comp. Laws § 445.903(1).  The antitrust allegations do not fit any of the practices proscribed by

the MCPA, which warrants dismissal.  *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,

350 F. Supp. 2d 160, 189 (D. Me. 2004) (dismissing MCPA claims, noting that unfair practices

under the statute are specifically itemized and do not encompass price-fixing claims); *Sheet*

*Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d

380, 413 (E.D. Pa. 2010) (dismissing MCPA claims based on allegations of anticompetitive

conduct).

   The Wyoming Consumer Protection Act prohibits "unfair" or "deceptive" trade practices.

Wyo. Stat. § 40-12-105(a)(xv).  The Wyoming Supreme Court has held, however, that this

statute "'was drafted primarily to protect consumers from unscrupulous and fraudulent marketing practices' and declined to extend the reach of the WCPA where the legislature has elsewhere addressed the problems identified by a plaintiff."  *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 580 F. Supp. 2d 896, 910 (N.D. Cal. 2008) (quoting *Herrig v. Herrig*, 844 P.2d 487, 495 (Wyo. 1992)).  The States' allegations do not concern Defendants' marketing practices, and Wyoming has a separate antitrust statute.  Wyo. Stat. § 40-4-111.  As a result, the claims under the Wyoming Consumer Protection Act should be dismissed.

The Court should dismiss the States' consumer-protection claims under Indiana, Maine, Michigan, and Wyoming law.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss certain of the States' state-law antitrust and consumer-protection claims with prejudice.

Dated: May 31, 2019

Respectfully submitted,

| | |
|---|---|
| */s/ Benjamin F. Holt* | */s/ Sheron Korpus* |
| Adam K. Levin | Sheron Korpus |
| Benjamin F. Holt | Seth A. Moskowitz |
| Justin W. Bernick | KASOWITZ BENSON TORRES LLP |
| HOGAN LOVELLS US LLP | 1633 Broadway |
| 555 Thirteenth Street, NW | New York, NY 10019 |
| Washington, D.C. 20004 | Tel: (212) 506-1700 |
| Tel: (202) 637-5600 | Fax: (212) 506-1800 |
| Fax: (202) 637-5910 | skorpus@kasowitz.com |
| adam.levin@hoganlovells.com | smoskowitz@kasowitz.com |
| benjamin.holt@hoganlovells.com | |
| justin.bernick@hoganlovells.com | |
| | *Counsel for Actavis Pharma, Inc.,* |
| | *Actavis Holdco U.S., Inc.* |
| *Counsel for Defendant Mylan* | |
| *Pharmaceuticals, Inc.* | |

/s/ James W. Matthews
James W. Matthews
Katy E. Koski
John F. Nagle
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA  02199
Tel: (617) 342-4000
Fax: (617) 342-4001
jmatthews@foley.com
kkoski@foley.com
jnagle@foley.com

James T. McKeown
Elizabeth A. N. Haas
Kate E. Gehl
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Tel: (414) 271-2400
Fax: (414) 297-4900
jmckeown@foley.com
ehaas@foley.com
kgehl@foley.com

Terry M. Henry
Melanie S. Carter
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA  19103
Tel: (215) 569-5644
Fax: (215) 832-5644
THenry@blankrome.com
MCarter@blankrome.com

*Counsel for Defendant Apotex Corp.*

/s/ W. Gordon Dobie
W. Gordon Dobie
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Tel: (312) 558-5600
Fax: (312) 558-5700
WDobie@winston.com

/s/ Irving Wiesen
Irving Wiesen
LAW OFFICES OF IRVING L. WIESEN,
  P.C.
420 Lexington Avenue - Suite 2400
New York, NY 10170
Tel: (212) 381-8774
Fax: (646) 536-3185
iwiesen@wiesenlaw.com

*Counsel for Defendant Ascend Laboratories,
  LLC*

/s/ Wayne A. Mack
Wayne A. Mack
Sean P. McConnell
Sarah O'Laughlin Kulik
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1152
wamack@duanemorris.com
spmcconnell@duanemorris.com
sckulik@duanemorris.com

Counsel for Defendant
   Aurobindo Pharma USA, Inc.

/s/ Jason R. Parish
Jason R. Parish
Bradley J. Kitlowski
BUCHANAN INGERSOLL & ROONEY PC
1700 K Street, NW
Washington, D.C. 20006
Tel: (202) 452-7900
Fax: (202) 452-7989

Counsel for Defendant Zydus Pharmaceuticals
   (USA), Inc.

/s/ Steven E. Bizar
Steven E. Bizar
John P. McClam
Tiffany E. Engsell
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-4000
steven.bizar@dechert.com
john.mcclaim@dechert.com
tiffany.engsell@dechert.com

Counsel for Defendant Citron Pharma LLC

/s/ Roger Kaplan
Roger Kaplan
Aaron Van Nostrand
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel: (973) 360-7900
Fax: (973) 295-1257
kaplanr@gtlaw.com
vannostranda@gtlaw.com

Counsel for Defendant
   Dr. Reddy's Laboratories, Inc.

/s/ J. Gordon Cooney, Jr.
J. Gordon Cooney, Jr.
John J. Pease, III
Alison Tanchyk
William T. McEnroe
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
jgcooney@morganlewis.com
john.pease@morganlewis.com
alison.tanchyk@morganlewis.com
william.mcenroe@morganlewis.com

Amanda B. Robinson
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 739-3000
Fax: (202) 739-3001
amanda.robinson@morganlewis.com

/s/ Jan P. Levine
Jan P. Levine
Robin P. Sumner
Michael J. Hartman
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
Tel:  (215) 981-4000
Fax:  (215) 981-4750
levinej@pepperlaw.com
sumnerr@pepperlaw.com
hartmanm@pepperlaw.com

*Counsel for Defendant*
*  Teva Pharmaceuticals USA, Inc.*

/s/ Saul P. Morgenstern
Saul P. Morgenstern
Margaret A. Rogers
Alice C.C. Huling
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019
Tel: (212) 836-8000
Fax: (212) 836-8689
saul.morgenstern@apks.com
margaret.rogers@apks.com
alice.huling@apks.com

Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Tel: (202) 942-5000
Fax: (202) 942-5999
laura.shores@apks.com

Abby L. Sacunas (200081)
Peter M. Ryan (81816)
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA  19103
Tel: (215) 665-4785
Fax: (215) 701 2472 (fax)
asacunas@cozen.com
pryan@cozen.com

*Counsel for Defendant Sandoz Inc.*

*/s/ Steven A. Reed*

Steven A. Reed
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Tel: (215) 963-5603
Fax:  (215) 963-5001
steven.reed@morganlewis.com

*Counsel for Defendant*
  *Glenmark Pharmaceuticals Inc., USA*

*/s/ Edward B. Schwartz*

Edward B. Schwartz, Esq.
Jennifer M. Driscoll, Esq.
Andrew C. Bernasconi, Esq.
REED SMITH LLP
1301 K Street NW
Suite 1000-East Tower
Washington, DC 20005
Tel: (202) 414-9232
Fax: (202) 414-9299
eschwartz@reedsmith.com
jdriscoll@reedsmith.com
abernasconi@reedsmith.com

William J. Sheridan, Esq.
Courtney B. Averbach, Esq.
REED SMITH LLP
Reed Smith Centre
225 Fifth Ave.
Pittsburgh, PA 15222
Tel: (412) 288-3131
Fax: (412) 288-3063
wsheridan@reedsmith.com
caverbach@reedsmith.com

*Counsel for Defendant Heritage*
*Pharmaceuticals Inc.*

/s/ John E. Schmidtlein
John E. Schmidtlein
Sarah F. Teich
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
jschmidtlein@wc.com
steich@wc.com

*Counsel for Defendant*
  *Par Pharmaceutical Companies, Inc.*

/s/ Gerald E. Arth
Gerald E. Arth
Ryan T. Becker
Evan R. Luce
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2000
Fax: (215) 299-2150
garth@foxrothschild.com
rbecker@foxrothschild.com
eluce@foxrothschild.com

George G. Gordon
Stephen D. Brown
Julia Chapman
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104
Tel: (215) 994-2000
Fax: (215) 994-2222
george.gordon@dechert.com
stephen.brown@dechert.com
julia.chapman@dechert.com

*Counsel for Defendant*
  *Lannett Company, Inc.*

/s/ John M. Taladay
John M. Taladay
Erik T. Koons
Stacy L. Turner
Christopher P. Wilson
BAKER BOTTS LLP
1299 Pennsylvania Avenue NW
Washington, DC 20004-2400
Tel: (202) 639-7700
Fax: (202) 639-7890
john.taladay@bakerbotts.com
erik.koons@bakerbotts.com
stacy.turner@bakerbotts.com
christopher.wilson@bakerbotts.com

Lauri A. Kavulich
Ann E. Lemmo
CLARK HILL PLC
2005 Market St, Suite 1000
Philadelphia, PA 19103
Tel: (215) 640-8500
Fax: (215) 640-8501
lkavulich@clarkhill.com
alemmo@clarkhill.com

Lindsay S. Fouse
CLARK HILL PLC
301 Grant St, 14th Floor
Pittsburgh, PA 15219
Tel: (412) 394-7711
Fax: (412) 394-2555
lfouse@clarkhill.com

*Counsel for Defendant Sun Pharmaceutical Industries, Inc.*

/s/ Robert J. Cleary
Robert J. Cleary
Dietrich L. Snell
David A. Munkittrick
Edward Canter
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
Tel: (212) 969-3000
rjcleary@proskauer.com
dsnell@proskauer.com
dmunkittrick@proskauer.com
ecanter@proskauer.com

*Counsel for Defendant Rajiv Malik*

/s/ Michael Martinez
Michael E. Martinez
Steven M. Kowal
Lauren N. Donahue
Brian J. Smith
K&L GATES LLP
70 W. Madison St., Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-8000
michael.martinez@klgates.com
steven.kowal@klgates.com
lauren.donahue@klgates.com
brian.j.smith@klgates.com

*Counsel for Defendant Mayne Pharma Inc.*

/s/ Michael Lacovara
Michael Lacovara
LATHAM &WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
michael.lacovara@lw.com

/s/ Marguerite M. Sullivan
Marguerite M. Sullivan
LATHAM &WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C., 20004
Tel: (202) 637-2200
marguerite.sullivan@lw.com

/s/ Allyson M. Maltas
Allyson M. Maltas
LATHAM &WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C., 20004
Tel: (212) 906-1200
allyson.maltas@lw.com

/s/ Elizabeth A. Parvi
Elizabeth A. Parvis
LATHAM &WATKINS LLP
885 Third Avenue
New York, NY 10022
Tel: (212) 906-1200
elizabeth.parvis@lw.com

*Counsel for Defendants*
*Emcure Pharmaceuticals Ltd.*
*and Satish Mehta*

## **CERTIFICATE OF SERVICE**

I hereby certify on this 31st day of May 2019, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of the ECF System.

*/s/  Benjamin F. Holt*
Benjamin F. Holt

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*STATE ATTORNEYS GENERAL LITIGATION* | HON. CYNTHIA M. RUFE<br><br>Civil Action No.<br><br>17-3768 |

<u>**[PROPOSED] ORDER**</u>

**AND NOW**, this _____ day of _____ 2019, upon consideration of Defendants' Joint Motion to Dismiss Plaintiffs' State-Law Claims, the responses and replies thereto, and the arguments of counsel, and for the reasons set forth in the accompanying Opinion, it is hereby **ORDERED** that the Motion is **GRANTED**.

It is so **ORDERED.**

**BY THE COURT:**

_____

**CYNTHIA M. RUFE, J.**