# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*In re State Attorneys General Litigation* | HON. CYNTHIA M. RUFE<br><br>Civil Action Nos.<br>17-3768<br>19-2407<br>20-3539 |

## DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE TO PENNSYLVANIA'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully request leave of the Court to file a response to Pennsylvania's Notice of Supplemental Authority ("Notice"),[1] which attached *Gregg v. Ameriprise Financial, Inc.*, a case decided thirteen months before the States filed their Sur-Reply in Opposition to Defendants' Motion to Dismiss the States' State-law Claims. 245 A.3d 637 (Pa. 2021) (decided Feb. 17, 2021); *Connecticut v. Sandoz, Inc.*, No. 20-3539 (E.D. Pa. Mar. 25, 2022), ECF No. 193. For the reasons explained in the proposed response, attached as Exhibit 1, Pennsylvania's Notice is not an appropriate notice of supplemental authority, and—in any event—*Gregg* does not support Pennsylvania's arguments in opposition to Defendants' motion to dismiss. As such, Defendants respectfully request that this Court strike Pennsylvania's Notice.

---

[1] The Notice was filed on three dockets, *Connecticut v. Sandoz, Inc.*, No. 20-cv-3539 (E.D. Pa. June 17, 2022), ECF No. 205; *Connecticut v. Teva Pharms. Inc.*, No. 19-cv-2407 (E.D. Pa. June 17, 2022), ECF No. 288; *Connecticut v. Aurobindo Pharma USA, Inc.*, No. 17-cv-3768 (E.D. Pa. June 17, 2022), ECF No. 278.

Dated: July 1, 2022

Respectfully submitted,

/s/ Jasmeet K. Ahuja
Jasmeet K. Ahuja
HOGAN LOVELLS US LLP
1735 Market Street, Floor 23
Philadelphia, PA 19103
Tel.: (267) 675-4600
Fax: (267) 675-4601
jasmeet.ahuja@hoganlovells.com

*Counsel for Defendants Mylan
Pharmaceuticals Inc. and Mylan Inc.*

/s/ Chul Pak
Chul Pak
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Tel: (212) 999-5800
Fax: (212) 999-5899
cpak@wsgr.com

/s/ Devora W. Allon
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
devora.allon@kirkland.com

/s/ Ryan T. Becker
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2033
Fax: (215) 299-2150
rbecker@foxrothschild.com

/s/ Sarah F. Kirkpatrick
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
skirkpatrick@wc.com

/s/ Sheron Korpus
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

/s/ Allison Tanchyk
Allison Tanchyk
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5847
Fax: (215) 963-5001
allison.tanchyk@morganlewis.com

*Defense Liaison Counsel*

# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*In re State Attorneys General Litigation* | Civil Action Nos.<br>17-3768<br>19-2407<br>20-3539 |

## DEFENDANTS' RESPONSE TO PENNSYLVANIA'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respectfully submit this response to Pennsylvania's Notice of Supplemental Authority ("Notice"),[1] which addressed *Gregg v. Ameriprise Financial, Inc.* 245 A.3d 637 (Pa. 2021). That Notice was improperly filed because it raises a case that was decided *thirteen months before* the States filed the final brief to which it relates. *Id*. (decided Feb. 17, 2021); States' Sur-Reply, *Sandoz*, No. 20-cv-3539 (E.D. Pa. Mar. 25, 2022), ECF No. 193. Further, the Notice addresses arguments not raised in Defendants' state-law motion to dismiss briefing[2] while also mischaracterizing *Gregg*. Accordingly, Defendants respectfully request that this Court strike Pennsylvania's Notice as improperly filed and irrelevant to Defendants' motions to dismiss.

---

[1] *Connecticut v. Sandoz, Inc.*, No. 20-cv-3539 (E.D. Pa. June 17, 2022), ECF No. 205; *Connecticut v. Teva Pharms. Inc.*, No. 19-cv-2407 (E.D. Pa. June 17, 2022), ECF No. 288; *Connecticut v. Aurobindo Pharma USA, Inc.*, No. 17-cv-3768 (E.D. Pa. June 17, 2022), ECF No. 278.

[2] Defendants filed moving and reply briefs in support of three motions to dismiss the States' state-law claims, including Pennsylvania's UTPCPL claims. *Sandoz*, No. 20-cv-3539 (E.D. Pa. Nov. 12, 2021, Mar. 11, 2022), ECF Nos. 120, 168; *Teva*, No. 19-cv-2407 (E.D. Pa. Nov. 2, 2020, Feb. 26, 2021), ECF Nos. 192, 229; *Aurobindo*, No. 17-cv-3768 (E.D. Pa. May 31, 2019, Sept. 6, 2019), ECF Nos. 157, 183.

## I.    Pennsylvania's Notice is an unauthorized additional sur-reply styled as a notice of supplemental authority.

Pennsylvania's Notice is an unauthorized additional sur-reply seeking to add case law and arguments[3] that could have been included in the relevant briefs.  "[W]here supplemental filings are permitted, their purpose is to direct the court's attention to *new legal authority* or evidence that was '*not available to the filing party at the time that . . . party filed the original brief* to which the subsequent supplemental filing pertains.'"  *Tracfone Wireless, Inc. v. Unlimited PCS, Inc.*, 2012 WL 12996615, at *1 (S.D. Fla. Mar. 14, 2012) (quoting *Girard v. Aztec RV Resort, Inc.*, 2011 WL 4345443, at *3 (S.D. Fla. Sept. 16, 2011)) (emphases added).  Pennsylvania should not be permitted to supplement its previous briefs with case law that was available to it when the States filed the relevant briefs.

Although this Court's Local Rules do not directly address notices of supplemental authority, the Third Circuit has held that a party could not supplement its appellate brief with a notice of supplemental authority that raised a case decided "months before the Government filed its brief."  *Doe v. Att'y Gen. of the U.S.*, 956 F.3d 135, 149 (3d Cir. 2020).[4]  Similarly, the United States District Court for the Middle District of Pennsylvania's Rules of Court allow a party to "file a notice of supplemental authority" only if the supplemental case was decided "*after the party's final brief has been filed.*"  M.D. Pa. Local Rule 7.36 (emphasis added).

---

[3] As explained below, Pennsylvania adds the argument that "Defendants misinterpret the liability standard under the UTPCPL," Notice at 1, but never raised that argument in the relevant opposition or sur-reply briefs. *See* States' Opp'n at 47-54, *Sandoz*, No. 20-cv-3539 (E.D. Pa. Jan. 11, 2022), ECF No. 149; States' Sur-Reply at 30-35, *Sandoz*, No. 20-cv-3539 (E.D. Pa. Mar. 25, 2022), ECF No. 193.

[4] *Doe* addressed the government-plaintiff's attempt to supplement its appellate brief pursuant to Federal Appellate Rule of Civil Procedure 28(j) (governing "citation of supplemental authorities"), but the same rationale applies to supplemental authorities submitted in relation to a motion to dismiss.  *Doe*, 956 F.3d at 149 (3d Cir. 2020).  Indeed, other courts have adopted the same rationale when addressing supplemental briefing pursuant to Appellate Rule 28(j). *See, e.g.*, *United States v. Leeson*, 453 F.3d 631, 638 n.4 (4th Cir. 2006) ("Because Leeson did not present his argument based upon *Crawford* in the argument section of his opening brief, and *Crawford* was readily available at the time Leeson filed his opening brief, Leeson's argument based upon *Crawford* is waived.").

Courts that have addressed this issue agree that parties cannot use a notice of supplemental authority to add case law (and related argument) that was available to the filing party when it submitted the relevant briefs, and Pennsylvania cites no authority to the contrary.  *See, e.g.*, *Hagens Berman Sobol Shapiro LLP v. Rubinstein*, 2009 WL 3459741, at *1 (W.D. Wash. Oct. 22, 2009) ("notice of supplemental authority was improper . . . because the case was decided *before* the [filing party] filed their Motion to Dismiss"); *see also Tan v. Quick Box, LLC*, 2021 WL 1293862, at *2 n.2 (S.D. Cal. Apr. 7, 2021) (denying defendants' request for supplemental briefing because "three of the cases cited by the [defendants] are not new authority; they existed before Plaintiff even filed her [complaint] and could have been cited in the [defendants'] original briefing"); *Atkins v. Capri Training Ctr., Inc.*, 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014) ("if pertinent and significant authorities come to a party's attention *after the party's brief has been filed*, the party may advise the court of the relevant authority through a Notice of Supplemental Authority; however, a Notice of Supplemental Authority *should not advance new arguments*" (emphases added)); *Miesen v. Hawley Troxell Ennis & Hawley LLP*, 2022 WL 1422942, at *11 (D. Idaho May 5, 2022) ("[b]ecause this filing does not notify the Court of *new* authority . . . the Court STRIKES Miesen's Notice of Supplemental Authority as improper" (emphasis added)).[5] Pennsylvania had ample opportunity to raise *Gregg* in its opposition briefs submitted after *Gregg*

---

[5] These are just a few of many cases that held a party cannot use a notice of supplemental authority to raise a case that was decided before the party filed its relevant briefs.  *See also In re Blake*, 2014 WL 7186934, at *2 (S.D. W. Va. Dec. 16, 2014) ("The Court finds that the supplemental authority was available to the Plaintiffs for citation in their brief well before the due date for the response in opposition, and further, there has been no showing of good cause as to why the Plaintiffs did not include it with their original submission."); *Crisostomo v. Weigel*, 2018 WL 7198182, at *4, n.5 (N.D. Ga. Dec. 6, 2018), *report and recommendation adopted sub nom.*, 2019 WL 650415 (N.D. Ga. Jan. 16, 2019) ("the authorities cited in the [parties'] notices were rendered well before briefing was completed on the pending motion . . . . Thus, the Court will not consider the notices of supplemental authority in ruling on the pending motion." (citations omitted)); *Blyden v. Navient Corp.*, 2016 WL 6601658, at *2, n.5 (C.D. Cal. Feb. 16, 2016) (declining to consider notice of supplemental authority because, *inter alia*, "Plaintiff does not explain why she was unable to cite *Madden* in her Opposition, given that it is not new authority.  The Court will not give Plaintiff a second bite at the apple.").

3

was decided, but chose not to do so.  Accordingly, this Court should not allow Pennsylvania to supplement its motion to dismiss opposition briefs with citations to a case that was decided more than thirteen months prior to the States' last sur-reply in opposition to Defendants' motion to dismiss the States' state-law claims.

## II.    *Gregg* does not support Pennsylvania's opposition to Defendants' motions to dismiss the States' state-law claims.

In addition to being improperly filed as a notice of supplemental authority, Pennsylvania's Notice addresses arguments not raised by Defendants and mischaracterizes *Gregg*.  For those reasons, the Notice is irrelevant to Defendants' motions to dismiss.

*First*, the Notice is irrelevant to the Court's consideration of Defendants' motions to dismiss because it addresses arguments that Defendants never raised in support of those motions. Pennsylvania's Notice argues that Defendants misinterpret the liability standard under the UTPCPL and that Pennsylvania is not required to prove intent, but Defendants did not raise those arguments in their motion to dismiss briefs.  Notice at 1-2.  Rather, Defendants argued, in short, that Pennsylvania's UTPCPL claims should be dismissed because its allegations "do not fit any of the violations defined by the UTPCPL."  Defs.' Reply at 42-46, *Sandoz*, No. 20-cv-3539 (E.D. Pa. Mar. 11, 2022), ECF No. 168; Defs.' Mot. at 34-36, *Sandoz*, No. 20-cv-3539 (E.D. Pa. Nov. 12, 2021) ECF No. 120.  As such, Pennsylvania's arguments about intent and the applicable liability standard have no bearing on Defendants' motions to dismiss.

*Second*, Pennsylvania mischaracterizes the issues addressed by the Pennsylvania Supreme Court in *Gregg*.  As this Court explained in a separate matter, the "issue in Gregg was *whether intent was required* in order to prove a claim under the catchall provision of the UTPCPL." *Williams v. Benshetrit*, 2021 WL 5763014, at *2 (E.D. Pa. Dec. 3, 2021) (emphasis added); *Gregg*, 245 A.3d at 641 ("this Court is tasked with determining whether, as the Superior Court held, a

strict liability standard applies"). Because Defendants' motions to dismiss did not raise arguments about intent requirements or liability standards under the UTPCPL's catchall provision, *Gregg* is irrelevant to the Court's consideration of Defendants' motions to dismiss Pennsylvania's state-law claims.

Pennsylvania's Notice also mischaracterizes *Gregg* by arguing that Defendants "conflat[e] the elements required for an action by the Attorney General with the elements required for a private right of action." Notice at 1. In fact, *Gregg* unequivocally rejected the "argument that the [UTPCPL's] catch-all provision means something different depending upon whether it is brought in a public enforcement action or a private action," and explained that "[t]here is no basis upon which we can glean different requirements from the statute depending upon whether the action is public or private." *Gregg* 245 A.3d at 651. Pennsylvania's Notice also asserts that *Gregg* "reaffirmed that the 'Attorney General is not required to prove that the consumer relied upon the fraudulent or deceptive conduct or that the statements caused actual harm." Notice at 2. However, the language quoted by Pennsylvania is an excerpt of the court's description of an argument asserted by the defendants that the Pennsylvania Supreme Court rejected in its holding. *Gregg*, 245 A.3d at 644, 651 (Pa. 2021).

In addition to not addressing legal issues raised in Defendants' motion to dismiss briefs, *Gregg* is irrelevant here due to material differences in the facts of that case. The *Gregg* plaintiffs alleged that defendants (1) had misappropriated plaintiffs' investment funds, (2) affirmatively lied to plaintiffs about how those funds were being allocated and used, and (3) affirmatively misrepresented their financial expertise. *Id*. at 641-42. The Pennsylvania Supreme Court held that those allegations of affirmative misrepresentation and misappropriation of funds sufficed to state a claim of "fraudulent or deceptive conduct" under the UTPCPL's catchall provision, and that

plaintiffs need not prove intent—an element of common-law fraud claims—to succeed on those claims. *Id*. at 649-50. But unlike the *Gregg* plaintiffs, and as explained in Defendants' motions to dismiss, Pennsylvania does not allege that Defendants made *any* affirmative representations to alleged victims, nor does it allege that Defendants made any representations capable of being interpreted in a misleading way. *See, e.g.*, Defs.' Reply at 45-46, *Sandoz*, No. 20-cv-3539 (E.D. Pa. Mar. 11, 2022) ECF No. 168. Rather, Pennsylvania's claims attempt to convert the UTPCPL's catchall provision into a general antitrust statute despite controlling precedent to the contrary. *See, e.g.*, *id.* at 43-46. *Gregg* does not address whether the UTPCPL covers price-fixing and market allocation claims and does not support Pennsylvania's arguments that those claims can survive dismissal in this case.

For the reasons described above, Defendants respectfully request that this Court strike Pennsylvania's Notice as improperly filed and irrelevant to Defendants' motions to dismiss.

Dated: July 1, 2022                                          Respectfully submitted,

*/s/ Jasmeet K. Ahuja*                                    */s/ Chul Pak*
Jasmeet K. Ahuja                                          Chul Pak
HOGAN LOVELLS US LLP                             WILSON SONSINI GOODRICH & ROSATI
1735 Market Street, Floor 23                         1301 Avenue of the Americas, 40th Floor
Philadelphia, PA 19103                                 New York, NY 10019
Tel.: (267) 675-4600                                     Tel: (212) 999-5800
Fax: (267) 675-4601                                      Fax: (212) 999-5899
jasmeet.ahuja@hoganlovells.com                 cpak@wsgr.com

*Counsel for Defendants Mylan*
*Pharmaceuticals Inc. and Mylan Inc.*

*/s/ Devora W. Allon*
Devora W. Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
devora.allon@kirkland.com

*/s/ Ryan T. Becker*
Ryan T. Becker
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
Tel: (215) 299-2033
Fax: (215) 299-2150
rbecker@foxrothschild.com

*/s/ Sarah F. Kirkpatrick*
Sarah F. Kirkpatrick
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
skirkpatrick@wc.com

*/s/ Sheron Korpus*
Sheron Korpus
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, NY 10019
Tel: (212) 506-1700
Fax: (212) 506-1800
skorpus@kasowitz.com

*/s/ Allison Tanchyk*
Allison Tanchyk
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5847
Fax: (215) 963-5001
allison.tanchyk@morganlewis.com

*Defense Liaison Counsel*

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-md-2724 |
| THIS DOCUMENT RELATES TO:<br><br>*In re State Attorneys General Litigation* | HON. CYNTHIA M. RUFE<br><br>Civil Action Nos.<br>17-3768<br>19-2407<br>20-3539 |

**[PROPOSED] ORDER**

**AND NOW**, this _____ day of _____ 2022, upon consideration of Defendants' Motion

for Leave to File a Response to Pennsylvania's Notice of Supplemental Authority, it is hereby

**ORDERED** that Defendants' Motion is **GRANTED**.  Defendants are permitted to file the

Response, which is attached as Exhibit 1 to their Motion.


**IT IS SO ORDERED.**



                                                                            **BY THE COURT:**


                                                                    _____

                                                                    **HON. CYNTHIA M. RUFE, J.**

**CERTIFICATE OF SERVICE**

I, Jasmeet K. Ahuja, hereby certify that the foregoing has been filed electronically using the Court's CM/ECF system, which will serve a copy upon all counsel of record, and is available for viewing and download.

Dated: July 1, 2022                    Respectfully submitted,

/s/ *Jasmeet K. Ahuja*
Jasmeet K. Ahuja
HOGAN LOVELLS US LLP
1735 Market Street, Floor 23
Philadelphia, PA 19103
Telephone: (267) 675-4600
Facsimile: (267) 675-4601
jasmeet.ahuja@hoganlovells.com

*Counsel for Defendants Mylan Pharmaceuticals Inc. and Mylan Inc.*