**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STATE OF CONNECTICUT, et al.,<br>*Plaintiffs,*<br><br>v.<br><br>AUROBINDO PHARMA USA, INC., et al.,<br>*Defendants.* | No. 3:16-cv-02056-MPS |
| STATE OF CONNECTICUT, et al.,<br>*Plaintiffs*,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC. et al.,<br>*Defendants*. | No. 3:19-cv-00710-MPS |
| STATE OF CONNECTICUT, et al.,<br>*Plaintiffs*,<br><br>v.<br><br>SANDOZ, INC., et al.,<br>*Defendants*. | No. 3:20-cv-00802-MPS<br><br><br>May 20, 2026 |

**STATES' MOTION TO PRECLUDE UNTIMELY REVOCATION OF JAMES NESTA'S
AND MICHAEL AIGNER'S FIFTH AMENDMENT INVOCATIONS AND ENFORCE
SCHEDULING ORDER TO BAR MYLAN FROM USING UNTIMELY DEPOSITIONS**

Pursuant to Rules 1, 16, and 26, as well as the procedure set forth in *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 85 (2d Cir. 1995), the Plaintiff States ("States") move to preclude James Nesta and Michael Aigner from their intended, without-leave withdrawals of their Fifth Amendment invocations in *Connecticut, et al. v. Sandoz, Inc.*, No. 3:20-cv-00802-MPS (D. Conn.) and, for any withdrawal in any action the Court allows, order the following remedial measures: (1) admit Nesta's and Aigner's previous invocations and instruct the jury on potential adverse inferences; (2) allow the States to depose Nesta and Aigner, but preclude Defendants from designating that testimony at trial; (3) preclude testimony on why Nesta and Aigner invoked and then withdrew their privileges (absent waiver of the attorney-client privilege); and (4) ensure that Nesta and Aigner are aware of the consequences of withdrawal.

In support of this motion, the States submit a supporting memorandum of law and ten (10) exhibits. Given that this conduct impact on the Court's scheduling order and trial proceedings and entails broad remedial measures (as well as discovery having closed years ago in the *Dermatology* case and nearly a year ago in the *Teva* case), the States did not interpret the Court's Instructions for Discovery Disputes as governing this motion.

Pursuant to Local Rule 5(e), the Plaintiff States file this motion provisionally under seal based on Mylan's, Mr. Nesta's, and Mr. Aigner confidentiality designations. To the extent they wish to support these designations in line with the Court's order on sealings, they can provide declarations in support of sealing. The States have also filed public redacted versions in line with those designations.

1

DATED: May 20, 2026

Respectfully submitted,

**KWAME RAOUL**
**ATTORNEY GENERAL**
**STATE OF ILLINOIS**

By: /s/ *Brian M. Yost*
Brian M. Yost
Supervising Attorney, Antitrust Bureau
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
(872) 276-3598
Brian.Yost@ilag.gov

*Counsel for Plaintiff State of Illinois*[1]

---

[1] Counsel for the Plaintiff State of Illinois represents the consent of all Plaintiffs in the above-captioned cases pursuant to Section XI.D. of the Electronic Filing Policies and Procedures.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 20, 2026, a copy of the foregoing was electronically filed.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Brian M. Yost*

Supervising Attorney, Antitrust Bureau