**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **THE STATE OF CONNECTICUT**, *et al.*, <br><br> *Plaintiffs*, <br><br> **v.** <br><br> **AUROBINDO PHARMA USA, INC.**, *et al.*, <br> *Defendants*. | **No. 3:16-cv-2056-MPS** |
| **THE STATE OF CONNECTICUT**, *et al.*, <br><br> *Plaintiffs*, <br><br> **v.** <br><br> **TEVA PHARMACEUTICALS USA, INC.**, *et al.*, <br> *Defendants*. | **No. 3:19-cv-710-MPS** |
| **THE STATE OF CONNECTICUT**, *et al.*, <br><br> *Plaintiffs*, <br><br> **v.** <br><br> **SANDOZ INC.**, *et al.*, <br> *Defendants*. | **No. 3:20-cv-802-MPS** |

**DEFENDANT JAMES NESTA'S OPPOSITION TO
THE PLAINTIFF STATES' MOTION TO PRECLUDE
HIS PRIVILEGE REVOCATION AND DEPOSITION TESTIMONY**

I.      **INTRODUCTION**

In a 2022 deposition in MDL 2724, James Nesta invoked his Fifth Amendment privilege

not to be compelled to be a witness against himself. Mr. Nesta is a defendant in the *Teva* case.

He denies the plaintiff States Attorneys General's claims and allegations against him. After consulting with his counsel, he wants to testify substantively in a deposition to defend himself.

The MDL parties have tentatively agreed to schedule his deposition in July 2026. The States, however, are not interested. They want to use Mr. Nesta's 2022 Fifth Amendment invocations at trial instead of his testimony. The States identify no valid basis to bar Mr. Nesta's revocation of a properly invoked Fifth Amendment privilege or any reason to preclude the taking of his deposition. The Court has not set a trial date, and the States are not prejudiced by the opportunity to take Mr. Nesta's testimony.

## II.    BACKGROUND

James Nesta is Mylan's former Vice President of Sales. His employment at Mylan ended in December 2025, pursuant to the terms of a severance agreement. He is no longer receiving severance payments. The States have the severance agreement, but their motion incorrectly describes Mr. Nesta as a current Mylan employee.

### A.    Mr. Nesta Is a Named Defendant in the *Teva* Complaint.

On May 10, 2019, the States filed a complaint in this Court, *Connecticut, et al. v. Teva Pharmaceuticals USA, Inc., et al.*, No. 3:19-CV-710, which was transferred to the multi-district litigation in the Eastern District of Pennsylvania. When they filed the *Teva* complaint, the States knew that the Antitrust Division of the U.S. Department of Justice ("DOJ") was investigating allegations of price fixing, bid rigging, and other anticompetitive conduct in the generic pharmaceutical industry. Two individuals had already been charged and pleaded guilty. The antitrust violations the States alleged in the *Teva* complaint closely echoed the conduct that the DOJ was investigating.

The States named sixteen individuals—including Mr. Nesta—as defendants in the *Teva* complaint. In their motion to preclude Mr. Nesta from testifying in his own defense, the States never mention that he is a defendant in the *Teva* case.

**B.      Mr. Nesta Invoked the Fifth Amendment at His September 2022 Deposition.**

The MDL plaintiffs—which then included the States—noticed Mr. Nesta's deposition in 2022. Mr. Nesta wanted to delay his deposition until after the completion of the DOJ investigation, but the States insisted on proceeding, thus forcing Mr. Nesta to choose between defending himself in the *Teva* case and protecting his Fifth Amendment privilege not to be compelled to be a witness against himself.

At the September 2022 deposition, Mr. Nesta invoked the Fifth Amendment in response to questions. Counsel for the States asked incriminating and inflammatory leading questions knowing that Mr. Nesta would invoke his Fifth Amendment privilege.

**C.      In 2024, DOJ Informed Viatris That It No Longer Considered Mylan a Subject of Its Antitrust Investigation.**

Since Mr. Nesta's 2022 deposition, DOJ activity in its generic pharmaceutical antitrust investigation decreased year on year. In July 2024, Viatris Inc. issued a press release stating that DOJ had advised the company it no longer considered Mylan or its former president a subject of its antitrust investigation. No one from DOJ, however, confirmed for Mr. Nesta's counsel that he was not the target of an investigation. Nor did any plaintiff State advise Mr. Nesta that he was not subject to state prosecution.

**D.      In 2025, Mr. Nesta Agreed to the MDL Plaintiffs' Proposal That He Testify as to Clomipramine in Advance of Bellwether Trials.**

In the MDL, Judge Rufe scheduled direct purchaser plaintiff (DPP) and end-payer plaintiff (EPP) bellwether class trials for the Fall of 2025. In the Spring of 2025, counsel for the DPPs/EPPs contacted counsel for Mr. Nesta and proposed that he sit for a deposition limited to

the drug clomipramine in advance of their MDL trials. Mr. Nesta agreed to waive his prior Fifth Amendment invocation and testify substantively regarding clomipramine.

The States' three cases were remanded from the MDL to this Court in January 2024. Counsel for the States—the same attorney who questioned Mr. Nesta at the 2022 deposition—announced in May 2025 that he would participate in Mr. Nesta's clomipramine deposition. Although the DPP/EPP trials were postponed due to an interlocutory appeal, Mr. Nesta was deposed about clomipramine on November 19, 2025. The States, however, announced by email two minutes before the deposition began that they refused to participate.

> **E. The MDL Parties Have Tentatively Scheduled Mr. Nesta's Deposition on All Remaining Drugs in July 2026.**

In the MDL, Judge Rufe has scheduled the *Humana I* bellwether for trial in the Fall of 2026. Mr. Nesta is not a defendant in *Humana I*, but he is mentioned in the *Humana I* allegations and is a defendant in certain other MDL matters.

As in the DPP/EPP bellwether cases, the MDL parties are in discussions regarding a further deposition of Mr. Nesta on all remaining MDL drugs. Because the applicable criminal statute of limitations, under any possible theory, has expired, Mr. Nesta wants to revoke his prior Fifth Amendment assertion and testify in his and Mylan's defense. The deposition will likely occur in July.

> **III. THE COURT SHOULD REJECT THE STATES' REQUEST TO PRECLUDE MR. NESTA'S PRIVILEGE REVOCATION AND DEPOSITION TESTIMONY.**

The MDL plaintiffs have agreed to take Mr. Nesta's deposition a few months before the scheduled 2026 *Humana I* trial. The States, by contrast, have no trial date but want to preclude Mr. Nesta from testifying.

The States have no interest in Mr. Nesta's actual testimony. They intentionally skipped his 2025 clomipramine deposition after stating their intention to attend and question Mr. Nesta.

They appear to want to use his 2022 Fifth Amendment invocations to fill speculative evidentiary gaps in their cases. This is a litigation strategy, not a predicament.

The Court should deny the States' request to preclude Mr. Nesta's testimony based on the circumstances of Mr. Nesta's invocation and withdrawal and his status as a *Teva* defendant. Under the Second Circuit precedent the States rely on, parties must be afforded every reasonable opportunity to fully litigate civil matters based on as much testimony as possible. The States can identify no prejudice arising from Mr. Nesta's revocation or from his deposition testimony. Nor can they point to any manipulation or obstruction of the discovery process by Mr. Nesta.

In *United States v. Certain Real Property and Premises Known as: 4003-4005 5th Ave.*, 55 F.3d 78 (2d Cir. 1995), a DOJ civil forfeiture action, the Second Circuit held that "a prior assertion of the Fifth Amendment does not preclude a litigant's later attempt to submit evidence," because "courts must take care not to punish valid invocations of the privilege against self-incrimination…." *Id.* at 80. Prior to the forfeiture action, the claimant in *4003-4005 5th Ave.* was convicted at trial on criminal charges of conspiracy and possession with intent to distribute heroin and cocaine. *Id.* at 81. In the civil forfeiture action, the claimant refused to respond to two sets of written discovery and twice invoked the Fifth Amendment in court-ordered responses to additional written discovery. *Id.* at 81.

The Second Circuit held that the district court did not abuse its discretion in refusing to allow the claimant to submit belated evidentiary affidavits "on the eve of trial." *Id.* at 80-81. The court described the proper exercise of the trial court's discretion in the circumstances:

> [B]ecause *all* parties—those who invoke the Fifth Amendment and those who oppose them—should be afforded every reasonable opportunity to litigate a civil case fully and because exercise of Fifth Amendment rights should not be made unnecessarily costly, courts, upon an appropriate motion, should seek out those ways that further the goal of permitting as much testimony as possible to be presented in the civil litigation, despite the assertion of the privilege. Thus, if

5

there is a timely request made to the court, the court should explore all possible measures in order to select that means which strikes a fair balance ... and ... accommodates both parties. In doing this, it should give due consideration to the nature of the proceeding, how and when the privilege was invoked, and the potential for harm or prejudice to opposing parties….

***In some instances, however, a litigant in a civil proceeding who has invoked the Fifth Amendment*** may not seek any accommodation from the district court, and ***may instead simply ask to withdraw the privilege and testify…. The district court should, in general, take a liberal view towards such applications, for withdrawal of the privilege allows adjudication based on consideration of all the material facts to occur.*** The court should be especially inclined to permit withdrawal of the privilege if there are no grounds for believing that opposing parties suffered undue prejudice….

*Id.* at 83-84 (emphasis added; internal citation and quotation omitted).

Here, Mr. Nesta "simply ask[s] to withdraw the privilege and testify." *Id.* at 84. He denies the States' allegations and wants to defend himself in the *Teva* case and against allegations made about him in other cases. The States cursorily acknowledge *4003-4005 5th Ave.*'s admonition that courts "should, in general, take a liberal view" towards applications to "simply … withdraw the privilege and testify," States' Mem., at 5, but they move briskly to the business of trying to prevent Mr. Nesta's testimony entirely and/or using his prior Fifth Amendment invocation anyway, as a sword.

The States, however, identify no unfairness or prejudice from having to litigate their cases with Mr. Nesta's actual testimony. No trial date is scheduled. The States might prefer to use clips of Mr. Nesta's 2022 privilege invocations at trial, but having Mr. Nesta's testimony is not prejudicial. It is material evidence. The Second Circuit standard is prejudice, not preference. The States cannot establish that Mr. Nesta's 2022 invocation was improper or an attempt to obtain an unfair strategic advantage. "[W]ithdrawal of the privilege allows adjudication based on consideration of all the material facts to occur," *id.*, and the States contend that Mr. Nesta knows material facts.

Nor can the States credibly suggest that Mr. Nesta has abused or obstructed the discovery process. He invoked the Fifth Amendment when the DOJ's investigation was active and several individuals and companies had already been charged. Notwithstanding the investigation, in January 2021 Mr. Nesta fully and completely responded to the States' and other MDL plaintiffs' document requests and interrogatories and produced responsive documents. The circumstances here are entirely different from *4003-4005 5th Ave.*

The States provide no explanation for their assertion that Mr. Nesta will "tailor" his testimony to "the full scope of the States' evidence." States' Mem., at 4. Of course he will. He will answer their questions under oath, should they choose to attend the deposition. The States baselessly suggest that Mylan, Mr. Nesta's former employer, holds "a carrot and a stick" over Mr. Nesta, States' Mem., at 6, the implication being that Mylan will craft and manipulate Mr. Nesta's testimony. To be clear: Mr. Nesta has been advised by his own counsel in this litigation and the MDL, since 2016. He will testify truthfully to his recollections, under oath.

Mr. Nesta properly invoked the Fifth Amendment in 2022. He denies the States' claims against him. One of the Fifth Amendment's "basic functions … is to protect innocent men … who otherwise might be ensnared by ambiguous circumstances." *Grunewald v. United States*, 353 U.S. 391, 421 (1957) (internal quotation omitted); *see also Ohio v. Reiner*, 532 U.S. 17, 18 (2001) ("[The] truthful responses of an innocent witness, as well as those of a wrongdoer, may provide the government with incriminating evidence from the speaker's own mouth.") (citing *Grunewald*, at 353 U.S. at 421-22)).

After consulting with his counsel, Mr. Nesta wants to revoke his privilege invocation and testify. The MDL plaintiffs—who have a scheduled trial—have agreed to take Mr. Nesta's deposition. The States, who have no scheduled trial and no prejudice from having Mr. Nesta's

actual testimony in the record, seek to prevent or nullify the deposition. Based on their sudden withdrawal from Mr. Nesta's 2025 clomipramine deposition and their announced intent to use his privilege invocations about clomipramine anyway, it is evident which side seeks an unjustified strategic advantage. *See In re 650 Fifth Avenue and Related Properties*, 934 F.3d 147, 170-71 (2nd Cir. 2019) (holding that district court abused its discretion in precluding testimony and rejecting finding of prejudice where government "chose not to" depose witnesses). The Court should deny the plaintiff States' motion and allow Mr. Nesta to defend himself.

Respectfully submitted,

June 8, 2026

/s/ *L. Barrett Boss*
L. Barrett Boss (admitted *pro hac vice*)
**COZEN O'CONNOR P.C.**
2001 M. Street NW, Suite 500
Washington, DC 20036
Telephone: (202) 912-4814
Facsimile: (866) 413-0172
bboss@cozen.com

Peter M. Ryan (admitted *pro hac vice*)
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2130
Facsimile: (215) 701-2157
pryan@cozen.com

Rebecca Brodey (admitted *pro hac vice*)
**BOURELLY, GEORGE + BRODEY PLLC**
1050 30th Street NW
Washington, DC 20007
Telephone: (310) 500-6217
rebecca.brodey@bgblawyers.com

*Counsel for Defendant James Nesta*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2026, the foregoing Opposition to the Plaintiff States' Motion to Preclude James Nesta's Privilege Revocation and Deposition Testimony was filed electronically using the Court's CM/ECF system, which filing will generate a notice of electronic filing, reflecting service on all counsel of record.

*/s/ Joseph L. Simpson*
Joseph L. Simpson